UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHRYN MORROW | * | CIVIL ACTION |
| VERSUS | * | NO. 24-509 |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON | * | SECTION "T" (2) |

**ORDER AND REASONS**

Pending before me is Defendant Certain Underwriters at Lloyd's London's Motion to Opt-Out of Hurricane Ida Streamlined Settlement Program. ECF No. 8. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, August 6, 2024. *See* E.D. La. L.R. 7.5.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Opt-Out (ECF No. 8) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff Kathryn Morrow filed suit against Defendant Certain Underwriters at Lloyd's London seeking to recover for losses incurred as a result of Hurricane Ida, as well as extra-contractual damages. ECF No. 1-1 at 4. After removal, Defendant filed this Motion to Opt-Out of this Court's Hurricane Ida Case Management Order ("CMO") on the basis that Plaintiff is not entitled to recover under the policy because it is void ab initio due to Plaintiff's allegedly false information in her application and because Plaintiff did not use the property as her primary residence. ECF No. 8-1 at 1. Defendant seeks to opt-out of the Hurricane Ida Streamlined Settlement Program ("SSP") in order to pursue discovery and file a motion raising these issues. *Id.* at 4.

1

II. **APPLICABLE LAW AND ANALYSIS**

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims. CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. Although parties may generally not opt out of the mandatory initial disclosures set forth in Section 1, within 15 days of the responsive pleading or entry of the CMO, a party may seek to opt-out of the SSP in Section 3 upon a showing of good cause. *See* Section 3.

The court adopted the Hurricane Ida CMO to facilitate the speedy and orderly resolution of insurance cases arising out of Hurricane Ida through the SSP.[1] Requiring the parties to proceed with the SSP when the plaintiff is alleged to have no viable claim hinders the efficient resolution of this matter and thus would be contrary to the goals of the CMO.[2] The court has granted motions to opt-out when same promotes the efficient administration of justice.[3] Accordingly, Defendant's request to opt-out of the CMO is granted, but only for the limited purpose of conducting the limited discovery as to Plaintiff's representations and residency status and filing a dispositive motion relating to same. The parties remain obliged to comply with all other terms of the CMO unless or until the matter is resolved on Defendant's motion or otherwise.

---

[1] *Okpalobi v. American Nat'l Prop. & Cas. Co.*, No. 23-6691, 2024 WL 838464, at *9 (E.D. La. Feb. 28, 2024).
[2] *Id*.
[3] *Id*. (citations omitted).

### III.   CONCLUSION

For the foregoing reasons, Defendant is granted limited relief from the CMO, solely for purposes of pursuing discovery relating to Plaintiff's representations and residency status and any dispositive motion relating to same.  Accordingly,

IT IS ORDERED that Defendant's Motion to Opt Out of the Streamlined Settlement Program (ECF No. 8) is GRANTED IN PART AND DENIED IN PART as stated herein.  Absent the granting of a dispositive motion on the grounds set forth herein or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this __15th__ day of August, 2024.

DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE